**Norman L. HARWELL et al., Plaintiffs-Appellants,**

v.

**GROWTH PROGRAMS, INC., et al., Defendants-Appellees.**

**No. 30501.**

United States Court of Appeals, Fifth Circuit.

Rehearing and Rehearing En Banc

April 11, 1972.

Teairl W. Lewis, Clarence R. Boatwright, San Antonio, Tex., Fiorenzo V. Lopardo, Robert A. Hefner, Escondido, Cal., Paul Gonson, Asst. Gen. Counsel, Kathryn B. McGrath, Atty., Warren G. Stolusky, Philip A. Loomis, Jr., Gen. Counsel, David Ferber, Sol., Securities & Exchange Comm., Washington, D. C., for plaintiffs-appellants.

James D. Baskin, Jr., Lionel R. Fuller, San Antonio, Tex., Joel H. Pullen, San Antonio, Tex., Frank J. Wilson, Washington, D. C., for defendants-appellees.

## ON PETITIONS FOR REHEARING AND PETITIONS FOR RE-HEARING EN BANC

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

The opinion of the Court, dated October 15, 1971, is modified by deleting therefrom the sentence [451 F.2d 240, at 247].[1] If on remand the proof should show that defendants have taken actions which violate the anti-trust laws, and if, in accordance with the principles of Silver v. New York Stock Exchange, 373 U.S. 341, 83 S.Ct. 1246, 10 L.Ed.2d 389 (1962), the district court should find that the purposes of the Maloney Act do not require that these actions be cloaked with antitrust immunity, then the mere supervisory presence of the SEC cannot divest the courts of their power to enforce the antitrust laws. Thill Securities Corporation v. New York Stock Exchange, 433 F.2d 264 (7th Cir. 1970).

We reemphasize that our decision is not intended to suggest the ultimate determination of the facts in this case or to intimate any opinion on the merits of plaintiffs' antitrust claim. Those determinations are for the district court.

The Petitions for Rehearing are denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petitions for Rehearing En Banc are denied.

1. "The extent of that supervision is not readily apparent from the record."